UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN TYLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| HOME DEPOT U.S.A., INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KAREN TYLER (hereinafter "Plaintiff" or "Tyler") and files her Complaint against Defendant, HOME DEPOT U.S.A., INC., (hereinafter "Defendant" or "Home Depot") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of her sex, leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment

practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Tyler, is a citizen of the United States, and was at all times relevant, a citizen of the State of Georgia.

5. Defendant, Home Depot, is a For Profit Corporation with its principal place of business in Atlanta, Georgia.

6. Plaintiff worked for Defendant at its 2891 Sowega Drive, Columbus, Georgia 31909 location.

7. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On July 17, 2023, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Home Depot, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sex discrimination, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On March 13, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue.

12. This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a female.

14. Plaintiff was hired by Defendant on or about March 1, 2003 as a Sales Associate.

15. At the time of her termination, Plaintiff held the position of Store Manager.

16. Plaintiff was subject to discrimination and disparate treatment due to her sex, female.

17. Defendant has failed to follow its typical progressive discipline policy in the events leading to Plaintiff's termination.

18. Similarly treated male employees were issued numerous warnings without being terminated, despite having similar or worse performance than Plaintiff.

19. For example, Robby Salemi, District Manager for Defendant, was issued significant documentation as well as a final warning but was then promoted to district manager.

20. Kurt Auwaerter, Store Manager for Defendant, was issued multiple write-ups and was provided with ample opportunity to improve his store's performance.

21. Plaintiff was assigned by Defendant to operate Mr. Auwaerter's store due to his performance and disciplinary issues prior to Defendant making the decision to terminate him.

22. Greg Bailey, Store Manager, was also issued significant documentation, including a final warning, and this store operated with approximately double the losses as Plaintiff's store; however, Defendant did not terminate Mr. Bailey and instead provided him with much more time to fix his store than Plaintiff had been given.

23. Additionally, Justin Kinnemore's, Store Manager for Defendant, store operated with higher losses than Plaintiff's store, but he was not terminated.

24. Prior to Plaintiff's termination, Defendant issued Plaintiff a performance improvement plan; the same was not assigned to similarly situated male employees.

25. During this period, members of management made weekly inspections of Plaintiff's store, but similarly situated male employees' stores were not scrutinized to the same extent.

26. In addition, another female store manager, Melinda Robinson, was recently terminated without progressive discipline.

27. It appears Defendant is exhibiting a pattern of disparate treatment between male and female members of management.

28. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

29. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

30. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Sex Based Discrimination in Violation of Title VII**

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

34. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

35. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

36. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated Title VII by constructively discharging and discriminating against Plaintiff based on her sex.

38. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of Title VII

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31, above.

42. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

43. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

44. Defendant's conduct violated Title VII.

45. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

46. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

47. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*